White, J.
The only question before us for determination relates to the order appointing the receiver, and the orders made in aid of such appointment.
Whether the service of process upon the original defendants, Devereux, Burke, Short and Russell, in Cuyahoga county, was •effective to subject them to the jurisdiction of the court issuing the process, is not before us for consideration; that branch of the case is still in the court of common pleas. The only parties interested in the question of the appointment of the receiver, are the Cleveland, Columbus, Cincinnati and Indianapolis Railway Company, and the original plaintiffs Jewett and Grant. The company, for any cause of action against it, was brought into court under the last clause of section 5027 of the Revised Statutes, which provides, that “ an action against a railroad company may be brought in any county through or into which such road or -line passes.”
The meeting held at Cleveland was a meeting of the stockholders only. The corporations had no corporate duty to perform at the meeting. The object of the meeting was to comply with section 3383 of the Revised Statutes. The section provides for a meeting of the stockholders of the original companies, at a time and place to be fixed by themselves, to elect directors and other officers of the new company formed by the consolidation; and it is declared that the “ election shall be conducted in such a manner as may be prescribed by the stockholders at such meeting.”
The ground of action stated in the petition was the invalidity of the consolidation. This invalidity arose from the incapacity of the corporations, under the statute, to effect such consolida *659 tion. There being no power to consolidate, the original corporations continued to exist in their integrity, with all their rights of property and franchises. As such corporations they were respectively enjoined, under the original petition, “ from surrendering the possession of the railways and properties, books, papers and records of the said corporations, or either of them, to the said alleged Ohio Railway Company, or to any board of directors or officers pretending or claiming to represent the same.”
The alleged violation at the meeting, of the injunction, by the defendants, Deverenx, Burke, Short and Russell, did not constitute ground against the corporation of which they were stockholders, for the appointment of the receiver; and it was only in the capacity of stockholders that they acted or had any authority to act at the meeting.
It does not appear who constituted the other directors of, the defendant company; nor is it averred that the company or any of the directors were intending, in violation of the injunction against the company, to surrender or transfer its property to the alleged Ohio Railway Company, its directors or officers. No such transfer 'could be effected by operation of the statute; for the consolidation was not authorized by the statute.
There was no obstacle to giving notice to the company before acting on the appointment of a receiver. No fraud or insolvency was charged against any of the parties; nor that the property of the company was in danger of removal beyond the jurisdiction of the court, or of otherwise being lost. The controversy was solely as to the effect of the attempted consolidation.
Under the circumstances of the case, the appointment of the receiver was an unwarranted exercise of judicial power, which it is the duty of this court to reverse and set aside. Railroad Co. v. Sloan, 31 Ohio St. 15; Varplank v. Insurance Co., 2 Paige, 438.

Judgment accordingly.